PROB 12C
(7/93)

Report Date: March 17, 2010

# United States District Court

### for the

### Eastern District of Washington

### Petition for Warrant or Summons for Offender Under Supervision

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAR 17 2010

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

Name of Offender: Patrick Wapato         Case Number: 2:06CR00041-001

Address of Offender: House of Charity, Spokane, WA 99201

Name of Sentencing Judicial Officer: The Honorable Justin L. Quackenbush, Senior U.S. District Judge

Date of Original Sentence: 4/30/2007

Original Offense:        Sexual Abuse of a Minor, 18 U.S.C. § 2243(a), 2246(2), 1153

Original Sentence:       Prison - 14 Months; TSR - 24 Months           Type of Supervision: Supervised Release

Asst. U.S. Attorney:     Jill Bolton           Date Supervision Commenced: 6/9/2009

Defense Attorney:        Federal Defenders     Date Supervision Expires: 6/8/2010

---

## PETITIONING THE COURT

**To issue a warrant.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition # 6**: The defendant shall notify the probation officer at least ten days prior to any change in residence or employment. |

**Supporting Evidence**: Patrick Wapato violated the terms of his supervised release by changing residence and employment without proper notice to the undersigned officer. On March 16, 2010, at approximately 7:45 p.m., the undersigned officer conducted an unannounced home visit to the last known address of 32 W. Pacific Ave., Spokane, Washington 99201, House of Charity Homeless Shelter. Contact with the homeless shelter's staff revealed that the offender has failed to return to the facility on a daily basis since March 14, 2010. Mr. Wapato is expected to sign-up for the standby list every day if he fails to return to the shelter on a consistent basis. Staff also confirmed that Patrick Wapato did in fact reside at the shelter from March 1-10, 2010.

Following the above-referenced field attempt, several telephone calls to Mr. Wapato's girlfriend's cellular telephone, Tara Comeslast, were placed by the undersigned between 8:00 and 8:30 p.m. A voice message was left instructing Mr. Wapato to report to the U.S. Probation Office on March 17, 2010, at 8:30 a.m. It is noted, the offender appeared in the office, as directed, on March 17, 2010. At that time, the undersigned was unavailable to speak with Mr. Wapato, therefore, he was instructed to return to the probation office immediately after attending treatment on this date. It is believed that Mr. Wapato is unaware

Prob12C
Re: **Wapato, Patrick**
March 17, 2010
Page 2

of the attempted home contact last evening or that the undersigned is aware he failed to reside at the homeless shelter as required.

On March 15, 2010, Mr. Wapato reported to the U.S. Probation Office and advised the undersigned of his failure to reside at the aforementioned shelter on March 11 and 14, 2010. In elaborating, the offender indicated that on March 11, 2010, he was unable to return to the facility as his girlfriend's vehicle broke down en route to the shelter. He continued to advise that he failed to appear on Sunday, March 14, 2010, due to the time change for daylight savings. Mr. Wapato was verbally reprimanded and warned to keep this officer apprised of any change in address. In fact, the undersigned asked Mr. Wapato for an address that he resides at when he not at the homeless shelter. He was unable to provide a physical address during the in-office meeting. The undersigned directed the offender to call back by the close of business on March 15, 2010, to provide his girlfriend's address. Also, the undersigned established contact with Patrick Wapato's girlfriend, Tara Comeslast, by cellular telephone later that evening. Tara Comeslast told the undersigned that she recently moved in with two other women. When asked for the physical address, she advised that she did not have the information. Ms. Comeslast agreed to call back and provide the requested information. To date, she has failed to provide the physical address of where she lives. Mr. Wapato has also failed to provide the above-mentioned information.

On February 25, 2010, an in-office meeting with Patrick Wapato and Tara Comeslast was conducted. Mr. Wapato was instructed to call this officer each day by 9:00 a.m. until adequate housing was secured. He also was directed to report to the U.S. Probation Office each Monday by 9:00 a.m. while residing at the homeless shelter.

2   **Special Condition # 24**: You shall undergo a substance abuse evaluation and, if indicated, enter into and successfully complete an approved substance abuse treatment program, including aftercare. You shall contribute to the cost of treatment according to your ability. You shall allow full reciprocal disclosure between the supervising probation officer and treatment provider.

**Supporting Evidence**: Patrick Wapato violated the terms of his supervised release by failing to attend substance abuse treatment as directed. The undersigned officer received verification from Pioneer Human Services indicating Mr. Wapato failed to call or show for his individual session on March 16, 2010.

The U.S. Probation Office respectfully recommends the Court issue a warrant for the arrest of the defendant to answer the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   03/17/2010

s/Tommy Rosser

Tommy Rosser
U.S. Probation Officer

Prob12C
Re: Wapato, Patrick
March 17, 2010
Page 3

## THE COURT ORDERS

[ ] No Action
[X] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] Other

Signature of Judicial Officer

March 17, 2010
Date